# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

ONEIDA COSBY,

       Plaintiff,

vs.

ILLINOIS CENTRAL RAILROAD COMPANY et al.,

       Defendants.

No. 18-CV-2040-LRR

**ORDER**

_____

### *TABLE OF CONTENTS*

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.*   *RELEVANT PROCEDURAL HISTORY.* . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*  *APPLICABLE LAW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

    *A.*   *Motion to Remand* . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *B.*   *Fraudulent Joinder* . . . . . . . . . . . . . . . . . . . . . . . . *3*

*IV.*  *ANALYSIS.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

    *A.*   *Negligence Claim* . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *1.*   *Factual allegations*. . . . . . . . . . . . . . . . . . . . *5*
        *2.*   *Parties' arguments*. . . . . . . . . . . . . . . . . . . . *6*
        *3.*   *Applicable law.* . . . . . . . . . . . . . . . . . . . . . *7*
        *4.*   *Application.* . . . . . . . . . . . . . . . . . . . . . . *7*
    *B.*   *Attorney Fees and Costs*. . . . . . . . . . . . . . . . . . . . . *10*

*V.*   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

### *I. INTRODUCTION*

The matter before the court is Plaintiff Oneida Cosby's "Motion for Remand" ("Motion") (docket no. 26).

## II. RELEVANT PROCEDURAL HISTORY

On May 15, 2018, Cosby filed a "Petition at Law and Jury Demand" ("Petition") (docket no. 2) in the Iowa District Court for Black Hawk County, Iowa ("Iowa District Court"). In the Petition, Cosby asserts the following claims: (1) a claim for negligence against Defendants Canadian National Railway Company ("Canadian National"), Illinois Central Railroad Company ("Illinois Central") and Chicago, Central & Pacific Railroad Company ("CCP") (collectively, "Railroad Defendants"); (2) a claim for premises liability against Railroad Defendants; (3) a claim for negligence against Defendant David Hill; (4) a claim for intentional disregard for public safety against Railroad Defendants; (5) a claim for punitive damages against Railroad Defendants; and (6) a claim of direct participant liability against Canadian National. *See* Petition ¶¶ 66-146. On June 28, 2018, Illinois Central filed a Notice of Removal (docket no. 1), bringing the case before the court. On July 20, 2018, Cosby filed the Motion. On August 3, 2018, Illinois Central filed a Resistance to the Motion ("Illinois Central Resistance") (docket no. 32). On the same date, CCP filed a Resistance to the Motion ("CCP Resistance") (docket no. 33). On August 10, 2018, Cosby filed a Reply to the Illinois Central Resistance ("Reply to Illinois Central Resistance") (docket no. 34) and a Reply to the CCP Resistance ("Reply to CCP Resistance") (docket no. 35). Illinois Central requests oral argument. *See* Illinois Central Resistance. Upon review, the court finds that oral argument is unnecessary. The matter is fully submitted and ready for decision.

## III. APPLICABLE LAW

### A. Motion to Remand

"A defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446(a). "A defendant may remove a state law claim to federal court only if the action originally could have been filed

there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). "Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *Id*. at 619-20 (citing 28 U.S.C. § 1332(a)); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (noting that § 1332(a)(1) "require[s] complete diversity between all plaintiffs and all defendants"). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)).

### B. Fraudulent Joinder

"Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). That is, "the right of an out-of-state defendant to remove a diversity suit to federal court 'cannot be defeated by a fraudulent joinder of a resident defendant.'" *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "A party has been fraudulently joined when there exists 'no reasonable basis in fact and law' to support a claim against it." *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915 (8th Cir. 2014) (quoting *Block v. Toyota Motor Corp.*, 665 F.3d 944, 947 (8th Cir. 2011)); *see also Anderson*, 724 F.2d at 84 ("Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant."). "Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Block*, 665 F.3d at 948 (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)).

The removing party bears the burden to prove fraudulent joinder. *See Polito v. Molasky*, 123 F.2d 258, 260 (8th Cir. 1941) (stating that "[t]he burden of proof . . . is

3

upon the removing defendant to prove . . . fraudulent joinder"). "[T]o establish fraudulent joinder, the defendant must 'do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion' since '[the court] do[es] not focus on the artfulness of the plaintiff's pleadings.'" *Block*, 665 F.3d at 948 (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011)); *see also Junk*, 628 F.3d at 445 (noting that the standard of Rule 12(b)(6) is "more demanding" than the fraudulent joinder standard). Rather, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Id*. at 810. However, the court may not step from the threshold jurisdictional issue into a decision on the merits. *See id*. at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

"All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620. The Eighth Circuit Court of Appeals has cautioned that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Filla*, 336 F.3d at 811 (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 n.6 (8th Cir. 1977)); *see also Morris v. E. I. Du Pont De Nemours & Co.*, 68 F.2d 788, 793 (8th Cir. 1934) ("[I]n deciding the question of fraudulent joinder the court must keep in mind that the doubtful issues of law and fact in the case are to be tried in the court which has jurisdiction . . . they are not to be determined in the removal proceeding.").

4

## IV. ANALYSIS

In the Motion, Cosby requests that the court remand the instant action to the Iowa District Court. *See* Motion at 1. Cosby contends that Illinois Central improperly removed the case because the court "lacks jurisdiction . . . due to the lack of diversity among the parties." *Id*. Specifically, both Cosby and Hill reside in Iowa. Petition ¶¶ 1, 6. In the Notice of Removal, Illinois Central asserts that Hill "has been fraudulently joined in this action because [Cosby's] claims against him lack a 'reasonable basis in fact and law.'" Notice of Removal ¶ 20 (quoting *Welk v. GMAC Mortg., LLC*, 720 F.3d 736, 737 (8th Cir. 2013)).

### A. Negligence Claim

#### 1. Factual allegations

The factual allegations in the Petition are as follows. On September 6, 2017, Cosby was a pedestrian whose path was blocked by Railroad Defendants' train. Petition ¶ 15. Cosby "attempted to traverse the crossing while [the] freight train was stopped and still blocking the crossing." *Id*. ¶ 17. Without warning, the train moved suddenly, causing "the train to roll over [Cosby's] extremities." *Id*. ¶ 18. As a result, Cosby "sustained serious, permanent, and progressive life-altering injuries and damages, including amputation to her left and right legs." *Id*. Cosby asserts that "[h]aving to crawl through and under trains parked across the tracks . . . is a safety hazard that is well-known to [Railroad Defendants]" and that Railroad Defendants have "not taken adequate steps to enforce rules, educate or warn members of the public of the danger" nor have they "taken any steps to eliminate the hazard of blocked crossings." *Id*. ¶ 22.

Since 2003, Hill "has been employed as the Risk Mitigation Officer in Waterloo, Iowa" for the Railroad Defendants. *Id*. ¶ 32. As part of his responsibilities, "Hill is required to investigate claim[s] and incidents involving" Railroad Defendants in Waterloo. *Id*. Cosby also contends that Hill is charged with "receiving and responding to citizen

complaints, working with city officials, and ultimately developing solutions to make train operations safer in Waterloo." Brief in Support of Motion (docket no. 26-1) at 3; *see also* Petition ¶ 6 (alleging that "Hill is charged with the responsibility and duty to ensure safe operations of [Railroad Defendants'] railroad operation"). Cosby further asserts that "Hill has made policy decisions for [Railroad Defendants] . . . that are harmful to the safety of the public." Petition ¶ 6.

In Count 3 of the Petition, Cosby alleges a negligence claim against Hill. *See id.* ¶¶ 116-18. Cosby claims in relevant part that "Hill has a personal duty to exercise reasonable care to [Cosby]" and that he "breached his duty to exercise reasonable care by:" (1) "[f]ailing to report hazardous conditions that [he] knew, or should have known, would injure the Waterloo public, including [Cosby]"; (2) "[f]ailing to specifically identify safety hazards on [Railroad Defendants'] land and property located within the [i]ncident [s]ite"; and (3) "[f]ailing to perform root cause analyses into the injury risks and dangers associated with blocked crossings, particularly within the [i]ncident [s]ite." *Id.* ¶¶ 116-17. Cosby contends that Hill's failures and inaction in these respects were "a direct and proximate cause of the injuries [she] suffered." *Id.* ¶ 118.

### 2. *Parties' arguments*

Illinois Central contends that "there is no reasonable basis in fact and law supporting [Cosby's] allegations." Notice of Removal ¶ 30. Illinois Central asserts that Cosby's claim against "Hill is clearly predicated on an alleged failure to identify a standing train and 'blocked' crossing as a 'safety hazard.'" *Id.* ¶ 32. Specifically, Illinois Central asserts that "Iowa law does not impose upon a railroad or its employees a duty to warn the general public of a 'hazard' that the general public is obligated to know and appreciate." *Id.* ¶ 37. Illinois Central relies on *Reasoner v. Chicago, Rock Island & Pac. R.R. Co.*, 101 N.W.2d 739 (Iowa 1960) and *Papich v. Chicago, M. & St. P. Ry. Co.*, 167 N.W. 686

(Iowa 1918) in asserting that "a railroad does not owe a duty to warn that one of its trains is about to move." *Id*. ¶¶ 33-35.

In response, Cosby relies upon "the fact that an 'employee may be held liable under Iowa law for on the job negligence.'" Brief in Support of Motion at 6 (quoting *Junk*, 628 F.3d at 446). Cosby asserts that Hill "is charged with the responsibility and duty to ensure safe operations of [the] railroad operation through the communities in which [Railroad Defendants] operate[], including Waterloo." *Id*. at 8. Cosby contends that "Hill failed to act in any way to prevent injury to the citizens of Waterloo," despite a duty to so act, and therefore, the "claim of fraudulent joinder must fail." *Id*. at 11.

### 3. *Applicable law*

To succeed on a claim for negligence under Iowa law "the plaintiff[] must show 'the existence of a duty to conform to a standard of conduct to protect others, a failure to conform to that standard, proximate cause, and damages.'" *Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 41 (Iowa 2018) (quoting *Estate of Gottschalk ex. rel. Gottschalk v. Pomeroy Dev., Inc.*, 893 N.W.2d 579, 586 (Iowa 2017)).

### 4. *Application*

Upon review, the court finds that Illinois Central has failed to carry its heavy burden to establish fraudulent joinder. Although framed as a fraudulent joinder claim, Illinois Central's argument essentially asserts that Cosby's claims as to all Defendants are baseless. Illinois Central points to Cosby's allegations that "having to crawl through and under trains parked across tracks . . . is a safety hazard that is well-known to" Railroad Defendants, that Railroad Defendants "ha[ve] not taken adequate steps to enforce rules, educate or warn members of the public of the danger," that Railroad Defendants have not "taken any steps to eliminate the hazard of blocked crossings" and that the train involved in her incident "did not sound an audible warning of its movement." Notice of Removal ¶ 31 (quoting Petition ¶¶ 20-22).

Illinois Central highlights Cosby's incorporation of these allegations into her claim against Hill. *See id.* ¶ 32; *see also* Petition ¶ 115 ("[Cosby] incorporates the above paragraphs as though fully set forth herein."). However, Cosby has incorporated the paragraphs at issue into all of her claims, not only into her claim against Hill. *See* Petition ¶¶ 66, 107, 115, 119, 123, 125. Because the grounds upon which Illinois Central contends that Hill was fraudulently joined are applicable to the claims against all Defendants, such an allegation cannot support an inference that the joinder of Hill was fraudulent. *See Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 223 (5th Cir. 2003) ("[The defendants] in this case brought no evidence that the joinder of the non-diverse defendant was fraudulent, only an allegation that the case, as to all defendants, was ill-founded. Such a showing cannot support an inference that the joinder of the local defendants was fraudulent."); *see also Walton v. Bayer Corp.*, 643 F.3d 994, 1001 (7th Cir. 2011) ("[A] plaintiff can defeat the fraudulent-joinder exception to the requirement of complete diversity of citizenship by proving that his claim against the nondiverse defendants is no weaker than his claim against the diverse defendants.").

Further, Cosby explicitly relies upon Hill's duties as a Risk Mitigation Officer and asserts that his failure to perform these duties constituted a breach of his duty to exercise reasonable care. *See* Petition ¶¶116-18. Illinois Central submitted the Hill Affidavit (docket no. 1-11), presumably to refute Cosby's allegation that Hill owed any such duties. *See* Hill Affidavit at 3 (stating that Hill has "no involvement in policy decisions made by [CCP] or [Illinois Central]," "no responsibilities with respect to [Illinois Central] and [CCP's] railroad operations in Waterloo," "no responsibility with respect to the identification or reporting of safety hazards in Waterloo" and "play[s] no part in any root cause analyses with respect to injury risks and dangers associated with occupied or 'blocked' crossings"). The court finds that, in presenting the Hill Affidavit, Illinois Central has "done no more than generate a factual dispute on the elements of th[e] claim"

8

and that "[s]uch a factual dispute does not satisfy [the] 'heavy burden of proving fraudulent joinder' especially where 'all doubts should be resolved in favor of remand.'" *Wells' Dairy, Inc. v. Am. Indus. Refrigeration, Inc.*, 157 F. Supp. 2d 1018, 1030 (N.D. Iowa 2001) (quoting *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000)).

Additionally, Illinois Central has failed to point the court to any precedent that would preclude the existence of a cause of action against Hill as Defendant Railroads' employee. To the contrary, Iowa case law suggests that liability may be imposed in a situation where an employee has negligently performed their duties. *See Ostrem ex rel. Ostrem v. Home Opportunities Made Easy, Inc.*, No. 08-1266, 2009 WL 1492306, at *2 (Iowa Ct. App. May 29, 2009) (noting that the Iowa Supreme Court has adopted the Restatement (Second) of Torts § 324A "in the context of negligent inspection cases" and that liability under § 324A "is imposed only where the services undertaken for another 'should [be] recognize[d] as necessary for the protection of a third person'" (alterations in original) (quoting Restatement (Second) of Torts § 324A at 142)); *see also Hutchen v. Wal-Mart Stores E. I, LP*, 555 F. Supp. 2d 1013, 1018 (E.D. Mo. 2008) (noting that, "[u]nder Missouri law, employees may be held personally liable to a third party in certain instances"); *Hauck v. ConocoPhillips Co.*, No. 06-135-GPM, 2006 WL 1596826, at *4 (S.D. Ill. June 6, 2006) (rejecting fraudulent joinder where plaintiff joined a nondiverse safety manager at a refinery because (1) the employer defendant entrusted responsibility for safety at the refinery to him; (2) third persons would rely on him to perform his duty; and (3) failure to perform his duty could result in physical injury). Thus, the court cannot say that there is no reasonable basis in fact or law to support the allegations against Hill. Therefore, resolving all doubts in favor of remand, the court shall grant the Motion as to remand.

## B. *Attorney Fees and Costs*

Cosby requests that the court order Illinois Central "to pay just costs, actual expenses, including attorney fees, incurred as a result of this removal." Brief in Support of Motion at 17. Illinois Central contends "that an objectively reasonable basis for removal exists in this case" and, therefore, Cosby's "request for costs and fees must be denied." Illinois Central Resistance at 15-16.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141. In other words, "the standard for awarding fees should turn on the reasonableness of the removal." *Id*. "A district court has 'considerable discretion' in determining whether to award attorney's fees pursuant to . . . § 1447(c)." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 482 (8th Cir. 2015) (quoting *Wells Fargo Bank W., Nat'l Ass'n v. Burns*, 100 Fed. App'x 599, 599 (8th Cir. 2004) (per curiam)).

Upon review, the court finds that an award of costs and attorney fees in this case is unwarranted. Iowa courts have not explicitly addressed the issue presented in this case. Therefore, the court declines to conclude that Illinois Central lacked an objectively reasonable basis for seeking removal. Accordingly, the court shall deny the Motion as to attorney fees and costs.

## V. CONCLUSION

In light of the foregoing, the Motion to Remand (docket no. 26) is **GRANTED IN PART AND DENIED IN PART** and the case is **REMANDED** to the Iowa District Court for Black Hawk County, Iowa.[1] The Clerk of Court is **DIRECTED** to terminate all outstanding motions and **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 21st day of September, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] On July 5, 2018, CCP filed a Motion to Dismiss (docket no. 11) and Illinois Central filed a Motion to Dismiss (docket no. 13). On July 10, 2018, Hill filed a Motion to Dismiss (docket no. 15). The court takes no position as to the potential merits of these motions. The court shall leave these matters for the Iowa District Court to consider in the first instance on remand.